LNE 10.27.23
JG: USAO# 2023R00052



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** GLR-23-0383 |
|  | * |  |
| **v.** | * | **(Possession of Ammunition by a** |
|  | * | **Prohibited Person, 18 U.S.C. § 922(g);** |
| **CHRISTOPHER COLLINS,** | * | **Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C.** |
|  | * | **§ 853(p), and 28 U.S.C. § 2461(c))** |
| **Defendant** | * |  |
|  | * |  |

*******

## INDICTMENT
## COUNT ONE

**(Possession of Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about September 20, 2023, in the District of Maryland, the defendant,

**CHRISTOPHER COLLINS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit: 77 rounds of 9 mm ammunition, and the rounds of ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

### Firearms and Ammunition Forfeiture

2.      Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

### CHRISTOPHER COLLINS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Property Subject to Forfeiture

3.      The property to be forfeited includes, but is not limited to, the following:

   a.   a P80 style black handgun with a gold slide; and

   b.   approximately 77 rounds of 9mm ammunition.

### Substitute Assets

4.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third person;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided

without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by

28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_— JG_

_Erek L. Barron_

Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10/31/23

Date